IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY O. FANN, JR., | No. 4:23-CV-01787 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BOBBY-JO SALAMON, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 3, 2025

Plaintiff Gregory O. Fann, Jr., is currently incarcerated at the State Correctional Institution (SCI) Pine Grove, located in Indiana, Pennsylvania. He filed the instant *pro se* Section 1983[1] action in late 2023, claiming constitutional violations by mostly high-level prison officials at the Pennsylvania Department of Corrections (DOC). Presently pending is Defendants' motion to dismiss Fann's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will grant in part and deny in part Defendants' motion.

I.     BACKGROUND

Fann's lawsuit concerns events that allegedly occurred in 2022 at SCI Rockview and SCI Fayette. According to Fann, on April 25, 2022, while he was

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

incarcerated at SCI Rockview, inmates on "A-block" participated in a protest, causing the facility to go on lockdown.[2] Fann recalls that he was housed on "D-block" at that time and eventually figured out that the facility had been locked down when he noticed the lack of inmate movement.[3]

The following day, DOC officials from "Central Office" came to D-block and interviewed some of the inmates.[4] Fann was interviewed by a female official from SCI Coal Township, and he informed her about a previous grievance (#972434) he had filed at SCI Rockview in March 2022 regarding hazardous conditions on the block and various staff misconduct.[5]

The next day, April 27, Fann was escorted to the "Education building" for another interview.[6] He was questioned by a "Mr. Almo" about the inmate protest as well as the conditions at SCI Rockview.[7] Fann responded that he knew very little about the protest, only that some of the inmates were upset because prison officials were considering taking away "Night time blockout," (*i.e.*, evening out-of-cell time).[8] Fann also voiced his complaints about the conditions at SCI Rockview, including serious misconduct by several corrections officers.[9] Fann

---

[2]   Doc. 26 ¶ 13.
[3]   *Id.*
[4]   *Id.* ¶ 14.
[5]   *Id.* ¶¶ 10, 14; Doc. 26-1 at 1.
[6]   Doc. 26 ¶ 15.
[7]   *Id.* ¶ 16.
[8]   *Id.*
[9]   *Id.* ¶¶ 16, 17.

told Almo that certain officers on D-block "like to have sex in the hub on the unit, in the bathroom, or in the counselor's office" while working, and he reported other sexually inappropriate or physically abusive behavior by multiple D-block officers.[10]

The following day—April 28—Fann was transferred to SCI Fayette.[11] He was placed in the RHU at SCI Fayette, apparently in administrative custody.[12] On May 5, 2022, Fann received a misconduct (D539215) for "threatening an employee or their family with bodily harm" and "engaging or encouraging unauthorized group activity."[13] The misconduct was issued on May 4, 2022, by defendant Captain D.R. Davis and stated that Fann had been identified by the DOC's Bureau of Investigations and Intelligence (BII) as being involved in a plot to take SCI Rockview officials hostage during "an unauthorized inmate protest on April 25, 2022."[14]

Fann denied the charges asserted in the misconduct, pointing out that he had alibis for his whereabouts on April 25 (the day of the protest), and that he was housed on D-block, not A-block—where the protest occurred.[15] On May 10, Fann attended a hearing with a Disciplinary Hearing Officer (DHO), where he asserted

---

[10] *Id.* ¶¶ 17-19.
[11] *Id.* ¶ 20.
[12] *Id.* ¶¶ 20-21.
[13] *Id.* ¶ 21; Doc. 26-1 at 5.
[14] Doc. 26 ¶ 21; Doc. 26-1 at 5.
[15] *See* Doc. 26 ¶ 22; Doc. 26-1 at 6.

his innocence in the protest and hostage plot and alleged that the misconduct had been fabricated by Davis as retaliation for speaking out about the conditions and staff misconduct at SCI Rockview.[16] It appears that the May 10 hearing was continued "to obtain additional information."[17]

On May 18, 2022, the DHO resumed the hearing and determined that Fann had committed both charged offenses.[18] The DHO relied primarily on a May 13 in-camera interview with defendant BII Major Torres as to the reliability of a "Confidential Human Source" (CHS) and the content of that source's report.[19] According to Torres, the informant had identified Fann as one of the inmates involved with planning the protest and hostage incident and was "going to be involved in taking hostages and protesting on D Block had the incident [gone] according to plan."[20] Fann was sentenced to an aggregate punishment of 120 days' disciplinary custody.[21]

In his initial complaint, Fann provided more information regarding the recommendation—allegedly made by SCI Rockview officials—to be placed in the "Security Threat Group Management Unit" (STGMU) at SCI Fayette.[22] In the original complaint and attached documents, Fann alleged that SCI Rockview

---

[16] Doc. 26 ¶ 22.
[17] Doc. 26-1 at 6.
[18] *Id.* at 7-8.
[19] *See id.* at 6, 7.
[20] *See id.* at 6.
[21] *Id.* at 7; Doc. 26 ¶ 24.
[22] *See* Doc. 21 at 5.

4

officials had recommended that he be placed in the STGMU as retaliation for his written and oral complaints about SCI Rockview.[23] The documents he attached to his complaint indicated that STGMU placement was officially "approved" on July 27, 2022.[24] Fann mentions his STGMU recommendation and placement in his amended complaint,[25] but fails to include most of the explicit allegations or documents provided as part of his original complaint.

In that initial complaint, Fann sued six defendants: SCI Rockview Superintendent Bobby-Jo Salamon, Former DOC Secretary Gregory Little, Captain D.R. Davis, BII Major Torres, DOC Secretary Laurel Harry, and BII Director James Barnacle. Fann asserted the following Section 1983 claims: (1) an alleged Eighth Amendment violation regarding his conditions of confinement at SCI Fayette; (2) an alleged Fourteenth Amendment procedural due process violation regarding the misconduct process; (3) a Fourteenth Amendment claim of deprivation of property without due process; and (4) a First Amendment retaliation claim regarding his transfer, the misconduct, and his STGMU designation.[26]

Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[27] The Court granted that motion. Specifically, the Court

---

[23] *Id.*
[24] *See* Doc. 1-1 at 33-34.
[25] *See* Doc. 26 ¶¶ 4, 24, 30, 32, 46, 52.
[26] *See* Doc. 1 at pp. 20, 22-46.
[27] Doc. 16.

5

dismissed all claims against four of the six Defendants (Salamon, Little, Harry, and Barnacle) for lack of personal involvement in the alleged constitutional misconduct.[28]  The Court then examined the sufficiency of each of Fann's Section 1983 claims.

Fann's Eighth Amendment conditions-of-confinement claim involved alleged conditions at SCI Fayette from April 28 to July 28, 2022, including lack of showers, denial of recreation, and denial of hygiene products.[29]  The Court assumed for the sake of argument that Fann had alleged a sufficiently serious deprivation, but dismissed the conditions-of-confinement claim because Fann had not plausibly alleged deliberate indifference to the purported conditions by any named Defendant.[30]

The Court next examined and dismissed Fann's Fourteenth Amendment procedural due process claim.[31]  As the Court explained, Fann had alleged that he was sanctioned with 120 days' disciplinary custody.  Such a sanction, however, did not (and could not) implicate a protected liberty interest, and thus Fann's procedural due process allegations failed to state a claim upon which relief may be granted.[32]

---

[28] *See* Doc. 21 at 8-9.
[29] *Id.* at 11.
[30] *Id.*
[31] *Id.* at 12-13.
[32] *Id.*

Fann's Fourteenth Amendment claim alleging deprivation of property without due process likewise fell short. As the Court admonished, Fann had access to adequate state post-deprivation remedies, so he failed to state a plausible constitutional claim for deprivation of property.[33] The deprivation-of-property and procedural due process claims were dismissed with prejudice, as granting leave to amend would be futile.[34]

Finally, the Court reviewed Fann's First Amendment retaliation claims. Those claims were found to be deficient because Fann had not properly alleged causation—the third element of a *prima facie* retaliation case.[35] In other words, Fann had failed to "allege *who* took most of the adverse actions or *why* those officials would retaliate against him for his protected conduct."[36]

The Court granted leave to amend as to Fann's conditions-of-confinement and retaliation claims.[37] Fann was specifically admonished that he would not be permitted to reassert claims that had been dismissed with prejudice, and that he could not combine unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).[38]

---

[33] *Id.* at 13-14.
[34] *Id.* at 18-19.
[35] *Id.* at 14-17.
[36] *Id.* at 15.
[37] *Id.* at 18-20.
[38] *Id.* at 19.

Fann timely filed an amended complaint.[39] He sues the same six Defendants,[40] this time asserting the following claims: (1) Eighth Amendment conditions of confinement regarding his placement in "solitary confinement" at SCI Fayette[41]; (2) Fourteenth Amendment procedural due process regarding his disciplinary proceedings and STGMU placement[42]; and (3) First Amendment retaliation concerning his grievance and oral complaints about SCI Rockview conditions and staff misconduct.[43]

Defendants once again move to dismiss for failure to state a claim upon which relief may be granted.[44] Their Rule 12(b)(6) motion is ripe for disposition.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[45] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[46] In addition to the facts alleged on the face of the complaint, the court may also

---

[39] Doc. 26.
[40] *Id.* ¶¶ 4-9.
[41] *Id.* ¶¶ 26-31.
[42] *Id.* ¶¶ 32-40.
[43] *Id.* ¶¶ 41-47.
[44] Doc. 27.
[45] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[46] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[47]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[48] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[49] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[50] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[51] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[52]

Because Fann proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less

---

[47] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[48] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[49] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[50] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[51] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[52] *Iqbal*, 556 U.S. at 681.

9

stringent standards than formal pleadings drafted by lawyers[.]"[53] This is particularly true when the *pro se* litigant, like Fann, is incarcerated.[54]

## III.  DISCUSSION

Defendants contend that Fann's amended complaint suffers from many of the same material pleading deficiencies as his original complaint. After careful consideration, the Court finds that only Fann's retaliation claims may proceed.

### A.  Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[55] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[56] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[57] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[58]

---

[53] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[54] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[55] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[56] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[57] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[58] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases;

Fann sues the same six Defendants, most of whom are high-level DOC officials. Once again, Fann's amended complaint is essentially silent as to the alleged misconduct of defendants Harry and Barnacle. Although Fann asserts that these high-level officials are responsible for the "care, custody, and control" of all DOC inmates and staff,[59] this is a quintessential *respondeat superior* allegation, which does not give rise to Section 1983 liability. There is no allegation in the amended complaint that Harry or Barnacle took unconstitutional action against Fann. Fann even concedes that Barnacle does not have "a direct connection to" his lawsuit.[60] Accordingly, because Fann again does not allege how these Defendants were personally involved in the incidents underlying his lawsuit, they must be dismissed pursuant to Rule 12(b)(6).

### B.    Eighth Amendment Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[61] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment

---

*Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[59] *See* Doc. 26 ¶¶ 6, 9.
[60] *Id.* ¶ 54.
[61] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[62]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[63] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[64] "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they [were] 'incarcerated under conditions posing a substantial risk of serious harm.'"[65]

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[66] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[67] Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[68]

---

[62] *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
[63] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)
[64] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[65] *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834).
[66] *Chavarriaga*, 806 F.3d at 226 (citing *Farmer*, 511 U.S. at 834).
[67] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[68] *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).

Fann's amended complaint changes tact from his original pleading. In his amended complaint, he alleges that he has unspecified "mental health conditions," and that being kept in solitary confinement at SCI Fayette for a substantial period of time violated his Eighth Amendment rights.[69]

The problem with this new iteration of his conditions-of-confinement claim is that it cannot be asserted as part of the instant lawsuit. As the Court clearly explained in its prior opinion, Federal Rule of Civil Procedure 20(a)(2) prohibits joinder of unrelated claims against different defendants.[70] Fann has not plausibly alleged that any SCI Rockview or high-level DOC official kept him in solitary confinement at SCI Fayette for an extended period of time. Thus, he has failed to allege deliberate indifference to his health and safety by any named Defendant, and dismissal of his conditions-of-confinement is required. Such a claim, if Fann desires to purse it, must be brought against the appropriate decisionmakers at SCI Fayette in a *separate* lawsuit and filed in the appropriate court.[71]

### C.    Fourteenth Amendment Procedural Due Process

Fann's Fourteenth Amendment procedural due process claim in his original complaint was dismissed with prejudice.[72] Fann, moreover, was explicitly instructed that he was not permitted to reassert any claims in his amended

---

[69] Doc. 26 ¶¶ 26-31.
[70] *See* Doc. 21 at 19-20.
[71] *See* 28 U.S.C. § 1391(b).
[72] *See* Doc. 21 at 12-13, 18-19.

13

complaint that had been dismissed with prejudice.[73] Fann appears to have disregarded the Court's direction, reasserting a similar procedural due process claim in his amended complaint.[74] The Court will reiterate why Fann's due process claim cannot survive Rule 12(b)(6) scrutiny.

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[75] If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.[76]

The gravamen of Fann's procedural due process claim is that he was charged with an allegedly fabricated misconduct, convicted of the charged offenses without sufficient evidence, and given 120 days' disciplinary custody as a punishment. Fann cannot state a procedural due process claim because he has not identified a protected liberty interest that is at stake.

The Supreme Court of the United States has held that disciplinary segregation alone—under conditions that mirror those "imposed upon inmates in

---

[73] *Id.* at 19.
[74] *See* Doc. 26 ¶¶ 32-40.
[75] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).
[76] *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hill*, 455 F.3d at 234-35.

administrative segregation and protective custody"—generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the Fourteenth Amendment.[77] And the United States Court of Appeals for the Third Circuit has repeatedly held that disciplinary segregation for periods longer than that which Fann experienced does not rise to the level of an atypical and significant hardship.[78] Therefore, because Fann has not identified a protected liberty interest that is at stake for his Fourteenth Amendment procedural due process claim, the analysis is at an end and this claim must again be dismissed.[79]

### D. First Amendment Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[80] To state a First Amendment retaliation claim, a plaintiff

---

[77] *Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995).
[78] *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (135 days); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); *Dunbar v. Barone*, 487 F. App'x 721, 725 (540 days).
[79] To the extent that Fann asserts in his amended complaint that his transfer to the STGMU violated his procedural due process rights, that claim fails for identical reasons. "[T]ransfer to the STGMU does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life," *Fraise v. Terhune*, 283 F.3d 506, 522-23 (3d Cir. 2002), and thus "does not give rise to a protected liberty interest under the Due Process Clause," *Harris v. Ricci*, 595 F. App'x 128, 131 (3d Cir. 2014) (nonprecedential).
[80] *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

15

must plausibly plead that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[81]

The only cause of action in the amended complaint that survives Rule 12(b)(6) scrutiny is Fann's First Amendment retaliation claim. Fann plausibly alleges that, after he filed a grievance complaining about conditions at SCI Rockview (including staff misconduct) and spoke directly to DOC investigators about these same issues, he was transferred to a different prison, charged with a fabricated misconduct, and recommended for placement in the STGMU.

Fann has clearly identified protected First Amendment conduct: filing a formal grievance and reporting staff misconduct to an investigator. He has also plausibly alleged adverse actions taken against him: transfer to a distant prison farther away from his family,[82] a fabricated misconduct resulting in disciplinary custody, and—possibly—the STGMU recommendation.

---

[81] *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

[82] The specific allegations regarding distance from his family were raised in the original complaint. *See* Doc. 1 at 22, 26. The Court will liberally construe Fann's amended complaint as also asserting that his transfer to SCI Fayette took him farther away from his family.

16

In his amended complaint—as opposed to his original pleading—Fann plausibly alleges causation as to two Defendants. First, Fann asserts that Superintendent Salamon learned about Fann's grievance and complaints to investigators and made the decision to transfer him to SCI Fayette and to recommend him for the STGMU.[83] Fann also alleges that Captain Davis was a "co-worker and friend" of several of the D-block officials whom Fann reported for improper conduct, and therefore was motivated to issue Fann a fabricated misconduct.[84] Accordingly, Fann's First Amendment retaliation claims may proceed against defendants Salamon and Davis. His retaliation claims against all other Defendants will be dismissed for lack of causation.

### E.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[85] Further leave to amend will be denied because Fann has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[86] This case, therefore, will continue only as to Fann's First Amendment retaliation claims against defendants Salamon and Davis.

---

[83]  Doc. 26 ¶¶ 43, 46, 47, 52.
[84]  *Id.* ¶¶ 44-45, 47.
[85]  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).
[86]  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

## IV. CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motion (Doc. 27) to dismiss under Federal Rule of Civil Procedure 12(b)(6). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge